# In the United States Court of Federal Claims

No. 23-1580C

(Filed: December 17, 2024)

|  |  |
|---|---|
| **GEORGE A. BRANDES,** | ) |
| *Plaintiff,* | ) ) ) ) |
| v. | ) ) |
| **THE UNITED STATES,** | ) ) |
| *Defendant.* | ) ) ) |

*George A. Brandes,* Naples, FL, *pro se.*

*Rachel Hicks*, United States Department of Justice, Civil Division, Washington, DC, for Defendant.  With her on the briefs were *Brian M. Boyton*, Principal Deputy Assistant Attorney General, Civil Division, *Scott Bolden*, Acting Director, and *Conrad J. DeWitte, Jr.*, Of Counsel, United States Department of Justice, Washington, DC.

## OPINION AND ORDER

***SOLOMSON*, Judge**.

Plaintiff, Mr. George A. Brandes, claims that the United States, through various agencies, infringed a patent that Mr. Brandes owned.  The problem in the main for Mr. Brandes is, that pursuant to this Court's statute of limitations, he had to file his complaint "within six years" of when his claims first accrued.  28 U.S.C. § 2501.  With respect to several of the government's alleged acts of patent infringement, Mr. Brandes waited too long to file his complaint.  Those claims must be dismissed for lack of jurisdiction.  With respect to one claim of infringement, however, Mr. Brandes has entirely failed to include non-conclusory factual allegations that state a claim upon which relief can be granted.  The Court will permit Mr. Brandes to file an amended complaint to attempt to remedy that failure.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

On September 13, 2023, Mr. Brandes, proceeding *pro se*, filed a complaint for patent infringement against Defendant, the United States, in this Court. ECF No. 1 ("Compl.").[1] During the relevant time period covered by his complaint, Mr. Brandes was the owner of U.S. Patent No. 6,981,216 B1 ("the Patent"), entitled "Method and System for Subpoena Generation Including Time Dependent Reverse Number Search." Compl. at 4. Mr. Brandes alleges that the government, through various law enforcement agencies — including the Drug Enforcement Administration ("DEA"), the Federal Bureau of Investigations ("FBI"), and the Department of Homeland Security ("DHS") — infringed the Patent between December 27, 2005, when it was issued, and July 26, 2022, when it expired. *Id.*

Mr. Brandes alleges that in 2002, the DEA had Telco Solutions, Inc. ("TSI"), a licensee of the Patent, install its Telephone Company Subpoena Generator ("TCSG") system for the DEA's trial use. Compl. at 4. When the DEA stopped using the TCSG system in 2009, Mr. Brandes claims that the DEA created its own system called "DARTS." *Id.* After filing Freedom of Information Act ("FOIA") requests, Mr. Brandes discovered a document indicating that "DARTS offered many other functions, which TSI did not have." *Id.* Mr. Brandes alleges that this statement "clearly shows" that the DEA infringed the Patent. *Id.*

Mr. Brandes further alleges that the FBI used TSI's TCSG system at some point in the past but eventually replaced it with the FBI's own system, the Legal Demand System ("LDS"). Compl. at 4. Mr. Brandes asserts that LDS also infringed the Patent. *Id.* While Mr. Brandes did not specify the timeframe in which the FBI's alleged patent infringement allegedly occurred, the government provides evidence that the FBI began using its LDS in 2011. ECF No. 10 at 22.

Finally, Mr. Brandes alleges that DHS contracted with TSI to supply the agency with the TCSG system between May 1, 2006, and September 30, 2022. Compl. at 4. Prior to the Patent's expiration, DHS allegedly "developed or had a contractor develop, a system that infringed" the Patent. *Id.*

---

[1] Citations to specific page numbers within electronic filings are to the ECF-stamped page numbers in the header of the filed PDF.

Mr. Brandes seeks: (1) $5,500,000 as a reasonable patent license fee for the period in which Defendant infringed the Patent, Compl. at 5; and (2) a court order for an independent investigation of Defendant's systems to determine whether patent infringement occurred, ECF No. 13 at 2.

On January 12, 2024, Defendant filed its motion to dismiss on several grounds: (1) lack of jurisdiction (pursuant to the Rules of the United States Court of Federal Claims ("RCFC") 12(b)(1)) because the statute of limitations precludes Mr. Brandes's claims; (2) for failure to state a claim upon which relief can be granted due to the patent's invalidity pursuant to 35 U.S.C. § 101 (RCFC 12(b)(6)); and (3) for failure to state a claim upon which relief can be granted as a matter of law (pursuant to RCFC 12(b)(6)) because Mr. Brandes's allegations are conclusions of law and do not contain sufficient factual allegations.  ECF No. 10.

On May 9, 2024, Mr. Brandes filed a response in opposition to Defendant's motion, ECF No. 13, but did not address Defendant's statute of limitations argument in any detail. *Id.* at 1–2.  On May 28, 2024, Defendant filed its reply in support of its motion to dismiss. ECF No. 14.

## II.   JURISDICTION

Mr. Brandes is proceeding *pro se*, and this Court generally holds a *pro se* plaintiff's pleadings to "less stringent standards."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The Court, however, "may not . . . take a liberal view of [a] jurisdictional requirement and set a different rule for *pro se* litigants only."  *Kelley v. Sec'y of Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).  In other words, even a *pro se* plaintiff "bears the burden of proving that the Court of Federal Claims possesse[s] jurisdiction over his complaint."  *Sanders v. United States*, 252 F.3d 1329, 1333 (Fed. Cir. 2001); *see also Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015) ("No plaintiff, pro se or otherwise, may be excused from the burden of meeting the court's jurisdictional requirements.").

Generally, "[t]he jurisdiction of the Court of Federal Claims is defined by the Tucker Act, which gives the court authority to render judgment on certain monetary claims against the United States."  *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (citing 28 U.S.C. § 1491(a)(1)).  The Tucker Act provides this Court with jurisdiction to decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to

money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004). The Tucker Act, however, "does not create a substantive cause of action." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). Rather, "a plaintiff must [also] identify a separate source of substantive law that creates the right to money damages." *Id.* (first citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); and then citing *United States v. Testan*, 424 U.S. 392, 398 (1976)). Moreover, "[n]ot every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act." *Mitchell*, 463 U.S. at 216. With respect to "money-mandating" claims, the plaintiff must identify a law that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009, 178 Ct. Cl. 599 (Ct. Cl. 1967).

Additionally, this Court has jurisdiction over claims "[w]henever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same . . . for the recovery of . . . reasonable and entire compensation for such use and manufacture." 28 U.S.C. § 1498(a); *Zoltek Corp. v. United States*, 815 F.3d 1302, 1304 (Fed. Cir. 2016) (recognizing that § 1498(a) limits the "liability of the United States for infringement" to a narrow set of circumstances); *Honeywell Int'l Inc. v. United States*, 114 Fed. Cl. 637, 638 (2014) (explaining the narrow scope of the exclusive grant of jurisdiction under § 1498(a)).

Moreover, "[e]very claim of which" this Court "has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. "In the Court of Federal Claims, the statute of limitations is jurisdictional, because filing within the six-year period was a condition of the waiver of sovereign immunity in the Tucker Act." *Caguas Cent. Federal Sav. Bank v. United States*, 215 F.3d 1304, 1310 (Fed. Cir. 2000) (citing 28 U.S.C. § 1491(a)(1)).

With respect to patent infringement, "a cause of action arises under 28 U.S.C. § 1498(a) when the 'accused [instrumentality] is first available for use, and it is when the use occurs that a license is considered to have been taken.'" *Unitrac, LLC v. United States*, 113 Fed. Cl. 156, 160 (2013), *aff'd*, 589 F. App'x 990 (Fed. Cir. 2015) (alteration in original) (quoting *Decca Ltd. v. United States*, 544 F.2d 1070, 1082 (Ct. Cl. 1976)). Additionally, "[t]he government's unauthorized use of a patented invention is not regarded as continuing in nature for the purposes of jurisdictional analysis arising from the statute of limitations."

*Bissell v. United States*, 41 F.App'x 414, 416 (Fed. Cir. 2002) (internal citations omitted); *see also Unitrac, LLC*, 113 Fed. Cl. at 161 ("[T]he Government's alleged ongoing infringement cannot justify jurisdiction simply because at least one act of infringement has occurred within the statute of limitations period.").[2]

### III.  STANDARD OF REVIEW

The government moves to dismiss the Complaint pursuant to RCFC 12(b)(1) and RCFC 12(b)(6) for, respectively, lack of jurisdiction and failure to state a claim upon which relief can be granted as a matter of law.  ECF No. 10.

There are two categories of jurisdictional attacks that a defendant in any court may assert pursuant to RCFC 12(b)(1): facial and factual.  *Perry v. United States*, 149 Fed. Cl. 1, 11 (2020).

A facial jurisdictional attack "challenges whether the court's subject-matter jurisdiction was properly pleaded."  Steven S. Gensler & Lumen N. Mulligan, 1 *Federal Rules of Civil Procedure, Rules and Commentary, Rule 12* (Feb. 2020 Update) [hereinafter *Federal Rules & Commentary*]; *see also Crow Creek Sioux Tribe v. United States*, 900 F.3d 1350, 1355 (Fed. Cir. 2018) (addressing "facial challenge").  A facial attack itself can take two forms.  A defendant either can "assert that the plaintiff has failed to plead jurisdiction as required by Rule 8(a)(1)" or "assert that, while properly pleaded per Rule

---

[2] Although earlier case law suggests that successive acts of infringement may serve as a basis for a claim so long as they fall within the six-year limitation period, *see, e.g., Irving Air Chute Co., Inc. v. United States*, 93 F. Supp. 633, 637 (Ct. Cl. 1950), that approach was long ago abandoned by binding precedent from the Federal Circuit's predecessor, the United States Court of Claims.  *See Regent Jack Mfg. Co. v. United States*, 337 F.2d 649, 650–51 (Ct. Cl. 1964) ("We conclude that any [instrument] procured by the defendant more than 6 years prior to the filing of plaintiff's petition was first used when it was first available for use by the defendant, and that plaintiff's claim for compensation for any subsequent use of that [instrument] by the defendant is barred by the statute of limitations.").  *Regent Jack* consistently has been treated as stating the law in the Federal Circuit.  *See Starobin v. United States*, 662 F.2d 747, 750 (Ct. Cl. 1981) ("However, to hold that every use of a patented item during the lifespan of a patent marks the accrual of a new cause of action within the meaning of 28 U.S.C. [§] 2501 '[w]ould create a most difficult situation in the accounting stage of patent infringement suits, since it would create a possibility of recovery for unauthorized use open for an indefinite period on all patented items possessed by the defendant.'" (quoting *Regent Jack*, 337 F.2d at 651)); *Bissell*, 41 F. Appx. at 416; *Unitrac, LLC*, 113 Fed. Cl. at 160; *Ross-Hime Designs, Inc. v. United States*, 139 Fed. Cl. 444, 458 (2018); *Bondyopadhyay v. United States*, 149 Fed. Cl. 176, 193 (2020), *aff'd*, 850 F. App'x 761 (Fed. Cir. 2021).

8(a)(1), the allegations — even when assumed to be true — fail to establish jurisdiction under the relevant statute or constitutional provision." *Federal Rules & Commentary*. Regarding facial attacks, the Federal Circuit has explained:

> [W]e join the majority of our sister circuits in holding that the Supreme Court's "plausibility" requirement for facial challenges to claims under Rule 12(b)(6), as set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009), also applies to facial challenges to subject-matter jurisdiction under Rule 12(b)(1).

*Crow Creek Sioux Tribe*, 900 F.3d at 1354–55. Thus, "[t]hreadbare recitals of [claim] elements . . . supported by mere conclusory statements, do not suffice" to confer jurisdiction. *Id.* (quoting *Iqbal*, 556 U.S. at 678).

A factual attack, on the other hand, "challenges the truth of the jurisdictional facts alleged in the complaint." *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988). Once the government lodges a factual attack against a complaint that purports to invoke the Court's subject-matter jurisdiction, the burden shifts to the plaintiff to "establish[] subject-matter jurisdiction by a preponderance of the evidence." *Id.* at 748. The Court "may consider relevant evidence in order to resolve the factual dispute[,]" but must afford the plaintiff an "opportunity to be heard before dismissal is ordered[.]" *Id.* at 747-48.

When considering a facial jurisdictional attack pursuant to RCFC 12(b)(1) or a motion to dismiss a complaint for failure to state a claim upon which relief may be granted pursuant to RCFC 12(b)(6), the Court accepts as true all *factual* allegations — but not legal conclusions — contained in a plaintiff's complaint. *See Twombly*, 550 U.S. at 555. For a plaintiff's complaint to survive a motion to dismiss, the Court — viewing the facts in the light most favorable to the plaintiff — must conclude that "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "[O]f course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the facts alleged] is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (citations and internal quotation marks omitted); *Chapman Law Firm Co. v. Greenleaf Constr. Co.*, 490 F.3d 934, 938 (Fed. Cir. 2007)

(noting that the Court's duty is not to determine "whether the claimant will ultimately prevail" when ruling on a 12(b)(6) motion to dismiss). On the other hand, a plaintiff may not simply plead "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted).

To survive a motion to dismiss based on the statute of limitations, a plaintiff must establish "jurisdictional timeliness." *Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (citing *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189, (1936)). A plaintiff cannot rely merely on the allegations in the complaint if the factual basis for jurisdiction is challenged. *Reynolds,* 846 F.2d at 747. "Because plaintiff bears the burden of proof by a preponderance of the evidence, it must offer relevant, competent evidence to show that it filed suit within six years of the accrual of its claims." *Osage Nation v. United States*, 57 Fed. Cl. 392, 396 (2003) (citing 28 U.S.C. § 2501; *Reynolds,* 846 F.2d at 748; *Martinez v. United States,* 48 Fed. Cl. 851, 857 (2001)).

## IV. DISCUSSION

### A. Mr. Brandes's Claims Regarding the DEA and FBI Are Time Barred

Mr. Brandes's claims regarding the DEA and FBI are time barred and must be dismissed pursuant to RCFC 12(b)(1). To meet the jurisdictional requirements of this Court, a plaintiff must file his complaint "within six years" after the claims first accrued. 28 U.S.C. § 2501. "With respect to a patent taking, a cause of action arises under 28 U.S.C. § 1498(a) when the 'accused [instrumentality] is first available for use, and it is when the use occurs that a license is considered to have been taken.'" *Unitrac, LLC*, 113 Fed. Cl. at 160 (quoting *Decca Ltd.*, 544 F.2d at 1082). Mr. Brandes's cause of action for patent infringement under 28 U.S.C. § 1498(a) accrued when the government first used and infringed the Patent.

According to Mr. Brandes, the DEA's alleged patent infringement occurred in 2009. Compl. at 4 ("In 2009, High Intensity Drug Trafficking Area users of TCSG stopped using the system and switched to a DEA system referred to as DARTS."). That means Mr. Brandes had until 2015 to file his complaint for that alleged infringement.

Concerning the FBI's alleged patent infringement, Mr. Brandes does not provide a date for when that first occurred. He does assert, however, that it was the FBI's creation and use of the LDS that infringed his patent. Compl. at 4 ("The FBI created a system

7

referred to as [LDS]. . . . LDS infringed on the '216 patent."). The government, in turn, provides evidence along with its motion to dismiss, demonstrating that the FBI first used LDS in 2011. ECF No. 10. at 22. Mr. Brandes thus had until 2017 to file his claim for patent infringement regarding the FBI.[3] Because the government challenged a jurisdictional fact regarding when the FBI first started using LDS, the burden shifts to Mr. Brandes to establish "jurisdictional timeliness" in order to survive a motion to dismiss based on the statute of limitations. *Alder Terrace*, 161 F.3d at 1377 (citing *McNutt*, 298 U.S. at 189). In other words, now that the government has submitted evidence regarding when the FBI first adopted LDS – the source of the alleged infringement – Mr. Brandes must provide "competent evidence to show that [he] filed suit within six years of the accrual of its claims." *Osage Nation*, 57 Fed. Cl. at 396 (2003) (citing 28 U.S.C. § 2501; *Reynolds,* 846 F.2d at 748; *Martinez,* 48 Fed. Cl. at 857). Yet, Mr. Brandes offers no evidence that establishes that his claim is timely.

Mr. Brandes filed his complaint in 2023, fourteen years after the DEA's first alleged use of the Patent, and twelve years after the FBI's first alleged use of the Patent. Accordingly, Mr. Brandes's claims, with respect to both the DEA and the FBI, fall outside this Court's six-year statute of limitations and are time barred pursuant to 28 U.S.C. § 2501.

While Mr. Brandes alleges that the government continued to infringe the Patent beyond the first uses in 2009 and 2011, his claims nevertheless still fall outside of the statute of limitations because "[t]he government's unauthorized use of a patented invention is not regarded as continuing in nature for the purposes of jurisdictional analysis arising from the statute of limitations." *Bissell*, 41 F.App'x at 416 (internal citations omitted); *see also Unitrac, LLC*, 113 Fed. Cl. at 161. The continuing claims doctrine cannot save Mr. Brandes's complaint here.

"Although the accrual of a claim pursuant to 28 U.S.C. § 2501 may, in certain limited scenarios, be suspended 'until the claimant knew or should have known that the claim existed' a plaintiff's alleged '[i]gnorance of rights which should be known is not enough' to suspend the accrual of a claim. *Sacchetti v. United States*, 129 Fed. Cl. 307, 320 (2016), *aff'd*, 711 F. App'x 979 (Fed. Cir. 2017) (quoting *Braude v. United States*, 585 F.2d

---

[3] This assumes, moreover, that the FBI's alleged infringement is *not* subsumed within the government's alleged earlier infringement via the DEA. The defendant in this Court is always the United States. RCFC 10(a). If, as Mr. Brandes alleges, the government infringed his patent back in 2009, this Court is doubtful that a separate, later infringement by the FBI creates a new claim of infringement.

1049 (Ct. Cl. 1978)).  "[T]he 'accrual suspension' doctrine is 'strictly and narrowly applied,' and the accrual date of a cause of action will be suspended in only very limited circumstances: [1] '[the plaintiff] must either show that defendant has concealed its acts with the result that plaintiff was unaware of their existence or [2] it must show that its injury was 'inherently unknowable' at the accrual date.'"  *Id*. (quoting *Martinez v. United States*, 333 F.3d 1295, 1319 (Fed. Cir. 2003)).

Mr. Brandes fails to argue for either exception.  Even a *pro se* plaintiff "bears the burden of proving that the Court of Federal Claims possesse[s] jurisdiction over his complaint," *Sanders*, 252 F.3d at 1333, and Mr. Brandes has failed to prove that he was either unaware of the patent infringement or that the infringement was inherently unknowable, in order to invoke the accrual suspension rule that would allow for a claim beyond six years after the claims initially accrued.  Accordingly, this Court lacks jurisdiction to hear these claims, and they must be dismissed pursuant to RCFC 12(b)(1).

## B. Mr. Brandes's Allegations Regarding DHS Fail to State a Claim Upon Which Relief Can Be Granted

As for the infringement claims pertaining to DHS, Mr. Brandes fails to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6).  Mr. Brandes alleges that DHS or its contractor developed "a system" that infringed the Patent "prior to July 26, 2022."  Compl. at 4.

In contrast to the alleged claims with respect to the DEA and FBI where Mr. Brandes provides some detail about how and when the alleged patent infringement occurred, Mr. Brandes does not provide any details whatsoever about how and when DHS allegedly infringed his Patent.  Mr. Brandes merely pleads a conclusory legal assertion that DHS infringed the Patent. Compl. at 4.  But simply adding that such alleged infringement occurred sometime "prior to . . . 2022" does not permit this Court "to draw the reasonable inference" that the government "is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

While Mr. Brandes is proceeding *pro se*, and this Court holds a *pro se* plaintiff's pleadings to "less stringent standards," *Haines v. Kerner*, 404 U.S. at 520, Mr. Brandes's claim regarding DHS is still woefully deficient; the details in his complaint amount to mere "labels and conclusions," which does not satisfy basic pleading standards.  *Twombly*, 550 U.S. at 555, 127.  Had Mr. Brandes alleged specific facts about how and

when DHS infringed the Patent, Mr. Brandes may have stated a claim, particularly because this Court is required to accept non-conclusory *factual* allegations as true and view them in the light most favorable to the plaintiff.  In the absence of any such details, however, Mr. Brandes's complaint fails to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6).

The Court further agrees with the government that Mr. Brandes's complaint, with respect to DHS, does not "provide enough specificity . . . to ascertain whether jurisdictional requirements have been met," including "when any alleged infringement occurred beyond stating it was prior to the [Patent's] expiration."  ECF No. 10 at 31.  Mr. Brandes fails to address these arguments in his response brief.

Nevertheless, and due to Mr. Brandes's *pro se* status, the Court *sua sponte* will permit Mr. Brandes to file an amended complaint regarding DHS.  Mr. Brandes must include sufficient factual allegations that, when assumed to be true, state a ***timely*** claim for patent infringement against the United States.  Specifically, Mr. Brandes shall allege facts establishing when his claim first accrued.  *See Gal-Or v. United States*, 470 F. App'x 879, 881 (Fed. Cir. 2012) (noting that the trial court ordered plaintiff to "assert when the claim accrued").  In that regard, even if Mr. Brandes alleges such facts establishing that DHS's infringement first occurred within six years of the filing of his complaint at issue here, this Court will still have a substantial jurisdictional question of whether a new infringement by a different government agency may restart the clock that was first triggered either by the DEA or the FBI according to Mr. Brandes's other claims.

## V.  CONCLUSION

For the foregoing reasons, Mr. Brandes's claims against the United States with respect to the DEA and the FBI are hereby **DISMISSED** for lack of jurisdiction pursuant to RCFC 12(b)(1).  Regarding DHS, Mr. Brandes fails to state a claim pursuant to RCFC 12(b)(6).  Nevertheless, he may file an amended complaint — solely with respect to DHS, and establishing the timeliness of his claim — on or before February 18, 2025.  Otherwise, this case will be dismissed for failure to prosecute.

**IT IS SO ORDERED**.

s/Matthew H. Solomson
Matthew H. Solomson
Judge
